UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTERS-DIMMICK PETROLEUM,
INC., as fiduciary and Plan
Administrator of the Walters-Dimmick
Petroleum, Inc. Deferred Compensation
Plan

                Plaintiff,                Case No.   1:23-cv-236

v.                                                       Hon.

JAMES KLINGERMAN, an individual,
and CAROLE KAY, an individual,

                Defendants.

Neil J. Marchand (P73118)
Miller Johnson
Attorneys for Plaintiff
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI  49503
(616) 831-1700
marchandn@millerjohnson.com
portingaa@millerjohnson.com

**Complaint for Interpleader**

       Plaintiff, Walters-Dimmick Petroleum, Inc. ("WDP"), for its Complaint for Interpleader against James Klingerman and Carole Kay, state:

**GENERAL ALLEGATIONS**

       1.    This is an action for interpleader to determine entitlement to Patrick J. Klingerman, Sr.'s accrued deferred compensation plan benefits payable under the Walters-Dimmick Petroleum, Inc. Deferred Compensation Plan ("Plan").

WDP stands ready to pay Mr. Klingerman's accrued benefits when directed by the Court.

2. The Plan is sponsored by Walters-Dimmick Petroleum, Inc.[1] Walters-Dimmick Petroleum, Inc. is the Plan administrator.

3. Walters-Dimmick Petroleum, Inc. is a Michigan corporation with its principal place of business in Marshall, Michigan.

4. Patrick J. Klingerman, Sr. (the "Decedent") was a key employee at WDP. The Decedent passed away on September 13, 2022.

5. This action arises under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001 et seq., because the deferred compensation plan under which benefits are payable was an unfunded pension plan for a select group of management or other highly compensated employees.

6. Jurisdiction is based upon 28 U.S.C. § 1331, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1335.

7. Upon information and belief, Defendant James Klingerman resides at 16070 Prairie Ronde Road, Schoolcraft, Michigan 49087.

8. Upon information and belief, Defendant Carole Kay resides at 400 S. Crawford Street, Monroe, North Carolina, 28112.

---

[1] The Plan references WDS Ventures, LLC as part of the "Company." WDS Ventures, LLC merged with Walters-Dimmick Petroleum, Inc. in 2010. Walters-Dimmick Petroleum, Inc. is the surviving entity.

9. A substantial part of the events giving rise to the claim occurred in the Western District of Michigan. Venue is therefore proper in this Court under 28 U.S.C. § 1391(b)(2), 28 U.S.C. § 1397, and 29 U.S.C. § 1332(e)(2).

### The Plan

10. WDP established a Deferred Compensation Plan, providing retirement benefits to a select group of management or highly compensated employees. (**Exhibit 1**).

11. Patrick Klingerman (the "Decedent"), an employee of WDP, was a Participant in the Plan and started receiving payments from the Plan after his retirement in 2015.

12. The Plan provides:

**2.2** **Beneficiary**

"Beneficiary" means the beneficiary designated in writing by the Participant to receive benefits from the Plan in the event of his death. The Beneficiary shall be designated on a form provided by the Plan Administrator, and the Participant may change the Beneficiary designation at any time by signing and filing a new form with the Plan Administrator.

[ * * * ]

The facts as shown by the records of the Plan Administrator at the time of death shall be conclusive as to the amount properly payable. The distribution made in accordance with such state of facts shall constitute a complete discharge of all obligations under the provisions of the Plan. (**Exhibit 1**, at 2).

13. At the time of the Decedent's death, three payments of $37,310 were left to be paid out of the Plan to the Decedent. Thus, the total amount of deferred compensation payments at issue is $111,930 (the "Deferred Compensation Benefits").

**The Competing Claimants**

14. Upon information and belief, the Decedent was married to Carole Kay from September 13, 2002 until they divorced on February 17, 2009.

15. Upon information and belief, James Klingerman is Decedent's son and Power of Attorney.

16. In August 2022, Defendant James Klingerman contacted WDP and provided a Power of Attorney and updated beneficiary designation form dated August 28, 2022. The August 28, 2022 beneficiary designation lists James Klingerman as the primary beneficiary. (**Exhibit 2**).

17. The Decedent passed away on September 13, 2022.

18. In October 2022, Defendant Carole Kay contacted WDP claiming that she was the primary beneficiary of Decedent's Plan. Defendant Kay sent WDP a beneficiary designation form dated December 30, 2018. (**Exhibit 3**).

19. The Decedent's signature on the 2018 and 2022 beneficiary designation forms do not match. Additionally, WDP did not have a copy of the 2018 beneficiary designation form on file.

20. Upon information and belief, the Decedent executed a beneficiary designation form on September 18, 2015 that listed his then-wife Tara Klingerman as primary beneficiary and Defendant James Klingerman as secondary beneficiary. (**Exhibit 4**).

21. Upon information and belief, the Decedent divorced Tara Klingerman on August 24, 2016.

22. Upon information and belief, the Decedent executed a beneficiary designation form on May 5, 2016 that listed Defendant James Klingerman as his primary beneficiary and Ireland Kay as secondary beneficiary. (**Exhibit 5**).

23. Defendant James Klingerman claims that Decedent requested he sign a new beneficiary form while the Decedent was in the hospital. As Decedent's Power of Attorney and per Decedent's request, James Klingerman signed the 2022 beneficiary designation form for Decedent. (**Exhibit 2**).

24. The Decedent's Power of Attorney does not include the power for James Klingerman to designate himself as beneficiary. (**Exhibit 6**).

25. Upon information and belief, Defendant James Klingerman claims the signature on the 2018 form is not the Decedent's signature and that Defendant Carole Kay forged the signature.

26. Furthermore, Defendant James Klingerman informed WDP that, while his father was hospitalized for multiple days in July 2022, he learned that Defendant Carole Kay took significant sums of money from one of the Decedent's accounts.

27. Upon information and belief, a probate action has not been filed for the Decedent's estate.

## COUNT I - INTERPLEADER

28. WDP incorporates the allegations in the preceding paragraphs as if fully restated herein.

5

29. Defendant James Klingerman contends that he is entitled to the Decedent's Deferred Compensation Benefits.

30. Defendant Carole Kay contends that she is entitled to the Decedent's Deferred Compensation Benefits.

31. WDP is an innocent stakeholder and is unable to determine which of the adverse claimants is entitled to Decedent's Deferred Compensation Benefits payable under the Plan. As a result, WDP faces the threat of multiple litigation and multiple liability.

32. WDP stands ready to pay the Decedent's Deferred Compensation Benefits under the Plan. The adverse claims to the Decedent's Deferred Compensation Benefits have led WDP, which claims no beneficial interest in the Deferred Compensation Benefits, to refrain from making payment.

33. WDP seeks to have the adverse claimants interplead and resolve their competing claims to the Decedent's Deferred Compensation Benefits and to be discharged from all further liability in this litigation.

34. WDP will file a Motion for Leave to Deposit, pursuant to the Rules of this Court, the Deferred Compensation Benefits totaling $111,930 with this Court.

WHEREFORE, WDP asks that judgment be entered in its favor and that:

A. The Court order each of the claimants to interplead and settle among themselves their respective rights and claims to the Decedent's Deferred Compensation Benefits under the Plan;

6

B. The Court enjoin and restrain each of the claimants from instituting any other proceedings against WDP with respect to the Plan;

C. In the event that it is determined that any other person or entity not yet joined as a party to this action may make a claim for, or be entitled to, the Decedent's Deferred Compensation Benefits under the Plan, that they be joined and subjected to Paragraph B of this request for relief;

D. WDP be fully and finally discharged from all liability as to the Decedent's Deferred Compensation Benefits under the Plan and dismissed from this action;

E. WDP be awarded attorney fees, disbursements and such other and proper costs and charges incurred in connection with this action, and be awarded such other and further relief as the Court shall deem to be just.

MILLER JOHNSON
Attorneys for Walters-Dimmick Petroleum, Inc.

Dated: March 7, 2023   By  /s/ Neil J. Marchand
Neil J. Marchand (P73118)
45 Ottawa Avenue SW, Suite 1110
Grand Rapids, Michigan 49501-0306
(616) 831-1700
marchandn@millerjohnson.com

7